UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
MARY MILLER and ANN MILLER,,

                Plaintiff(s),

-against-

COUNTY OF NASSAU, et al.,

                Defendant(s).
----------------------------------------------------------X

**REPORT AND RECOMMENDATION**

CV 07-5203 (JS) (WDW)

**WILLIAM D. WALL, United States Magistrate Judge:**

For the reasons set forth herein, it is recommended that the complaint of pro se plaintiffs Mary Miller and Ann Miller be dismissed with prejudice, under Rule 37 of the Federal Rules of Civil Procedure for their failure to comply with court orders, and/or under Rule 41 for failure to prosecute.

**BACKGROUND**

This case was commenced by the Millers against numerous defendants including Nassau County, the Nassau County Police Department and three police officers, the Nassau County District Attorney Kathleen Rice and two of her assistant District Attorneys, HSBC Bank, Five Town Nissan and its principal, ESH Doe, Steve Doe, North Fork Bank, Spring/Nextel and Kelly Devine. In due course, an initial scheduling conference was set for December 5, 2008 before the undersigned. *See* Elec. Order of 10/28/08. By letter application dated November 17, 2008, the plaintiffs requested, *inter alia,* permission "to appear in all pretrial hearings and conferences via video conferencing." Ltr., Docket Entry ("DE") [43]. Attached to the request was a Supporting Declaration in which plaintiffs detailed their physical limitations. In light of their submission and the pendency of their motion regarding video conferencing, I cancelled the initial conference

and issued a discovery schedule. *See* Elec Order of 11/26/08; Scheduling Order of 11/26/08, DE [46]. The discovery deadline was set for July 8, 2009.[1]

On June 22, 2009, I granted a consent motion for a sixty day discovery extension. Order, DE [55]. On August 17, 2009, plaintiffs submitted a letter motion declaring that plaintiff Ann Miller would be unable to attend her deposition on August 20, 2009 due to unscheduled eye surgery. Ltr, DE [57]. Unclear as to whether plaintiffs sought permission to re-schedule the depositions or an extension of discovery, I denied their requests without prejudice to renew. Order 8/18/09, DE [58]. Plaintiffs never re-filed their request.

Between September 3rd and 11th, the court received five motions from different sets of defendants. *See* DE [59], [60], [61], [62], [63]. In general, the motions sought an order dismissing the complaint or alternatively compelling plaintiffs to comply with outstanding discovery, and a further extension of discovery deadlines. Plaintiffs failed to oppose any of the motions. On September 29, 2009, I issued an order granting the motions, both as unopposed and on the merits. *See* Order, DE [64]. Plaintiffs were directed to comply with outstanding discovery demands by October 23, 2009 or risk entry of a recommendation that their case be dismissed with prejudice. The order further set a telephone conference for October 27, 2009. The conference was adjourned to November 17, 2009 at the request of some of the defendants.

On November 6, 2009, the Five Town defendants moved to dismiss plaintiffs' complaint for failure to prosecute and for failure to comply with this court's order. *See* DE [67]. At the

---

[1] Plaintiffs' motion to appear by video conference for all appearances was denied by Judge Seybert on December 5, 2008. *See* Order, DE [49]. Judge Seybert indicated that the denial was without prejudice to plaintiffs' filing a separate motion for each court conference scheduled in this matter.

telephone conference held on November 17th, I directed that the matter be administratively closed and discovery stayed for three months. *See* Order of 11/17/09, DE [68]. This time was given to allow plaintiffs the opportunity to address their health issues. Five Town's motion to dismiss was denied without prejudice to renewal upon reopening of the case. A telephone conference was set for February 24, 2010.

On February 24, 2010, the case was re-opened and a telephone status conference was conducted. During the conference, I set deadlines for plaintiffs' compliance with outstanding discovery. Specifically, I told them that they were to provide written discovery by March 8, 2010 and that they were to appear for their depositions on March 11, 2010. I also warned them that failure to comply would result in my recommendation that the case be dismissed. After the conference, I issued an order re-stating the deadlines imposed during the conference. Order of 2/24/10, DE [69]. Plaintiffs were again directed to provide all discovery by March 8, 2010 and to appear for their depositions on March 11, 2010 at 10:00 a.m. in courtroom 820. Finally, the pretrial conference, which had been previously scheduled for March 11th, was converted to a status conference. The order also contained the following warning:

> **FAILURE TO COMPLY WITH THIS ORDER IN ANY RESPECT WILL RESULT IN A RECOMMENDATION OF DISMISSAL.** The result of a dismissal with prejudice, should Judge Seybert accept the recommendation, would be the final disposition of the plaintiffs' claims against the defendants in this lawsuit, subject only to an appeal to the Second Circuit. The plaintiffs are strongly urged to consider this result in weighing their options, and to comply with all discovery as ordered.

*Id.* (emphasis in original).

Despite my orders and the explicit warnings given to plaintiffs, they failed to appear on

March 11th for their depositions or for the status conference. Defendants counsel report that plaintiffs have failed to provide any of the outstanding discovery. Thus plaintiffs have failed to comply with my order in every regard.

**DISCUSSION**

Dismissal is warranted under both Rules 37 and 41. Rule 37 provides a range of sanctions for failure to comply with a court order including, *inter alia,* dismissal. Fed. R. Civ. P. 37 (b)(2)(A)(v). Here, plaintiffs failed to comply with the order to provide responses to all outstanding discovery demands or face dismissal. They also failed to appear for their court-ordered depositions and for a status conference before the court. It is well settled that "discovery orders are meant to be followed" and failure to do so may result in a dispositive sanction. *Bambu Sales, Inc. v. Ozak Trading Inc.*, 58 F.3d 849, 853 (2d Cir. 1995). Rule 37 sanctions have three objectives: to "ensure that a party will not benefit from its own failure to comply," to serve as a specific deterrent to obtain compliance with a specific order, and to "serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault." *Update Art, Inc. v. Modiin Publ'g, Ltd.,* 843 F.2d 67, 71 (2d Cir. 1988). The decision of whether to impose sanctions is left to the sound discretion of the court. *See National Hockey League v. Metropolitan Hockey Club,* 427 U.S. 639, 642 (1976)(per curiam). Here, the undersigned finds that the plaintiffs' failures warrant a recommendation of dismissal under Rule 37.

The claims should also be dismissed pursuant to Rule 41. Rule 41(b) gives the district court power to dismiss a complaint "for failure to comply with a court order, treating noncompliance as a failure to prosecute." *Simmons v. Abruzzo,* 49 F.3d 83, 87 (2d Cir. 1995).

Here, plaintiffs failed to comply with the court's orders of September 29, 2009 and February 24, 2010. Additionally, they have failed to take steps to prosecute their case.

## OBJECTIONS

A copy of the Report and Recommendation is being sent by the Court to all parties by ECF. An additional copy will be mailed to plaintiffs by the court. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of service. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
March 11, 2010

  s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge